08 CV 6381

Sabharwal & Associates
*Attorneys for the Plaintiff Bank of India*
350 5th Avenue, Suite 4606
New York, New York 10118
Telephone:    (212) 239-9009
Facsimile:    (212) 239-9229
Email:        sabilaw@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BANK OF INDIA,                                  Case No.:

                     Plaintiff,       COMPLAINT

     -against-

MILLENIUM HEALTHCARE (GREAT NECK)
LLC, MILLENIUM GROUP (USA) LLC, AND
DANNY VASWANI,

                   Defendants.
-------------------------------------------------------X

      Plaintiff, Bank of India, by and through its attorneys Sabharwal & Associates, as

and for its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE:

      1. This Court has jurisdiction of this action pursuant to Section 1332(a)(4)

of Title 28, United States Code, 28 U.S.C. § 1 et. seq. (the "Judicial Code"), in that the

matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is

between a foreign state as plaintiff and citizens of a State of the United States.

      2. Venue is properly laid in this District pursuant to Section 1391(a) of the

Judicial Code.

## PARTIES:

3.  Plaintiff Bank of India (the "Bank" or the "Plaintiff") repeats and re-alleges each and every allegation contained in Paragraphs "1" through "2".

4.  The Bank is a banking corporation incorporated and existing under the laws of India, which maintains its principal place of business at Mumbai, India. The majority of the shares of the Bank is owned by the Government of India and is thus a foreign state as defined in section 1603 (a) of the Judicial Code.

5.  The Bank is licensed to do business in the State of New York and maintains an office within this district at 277 Park Avenue, New York, New York.

6.  The Defendant Millenium Healthcare (Great Neck) LLC (hereinafter the "Borrower"), is a limited liability company formed under the laws of the State of New York, having its corporate office at 3 Expressway Plaza, Suite 220, Roslyn Heights, New York 11577 and healthcare center at 225 Community Drive, Suite 290, Great Neck, New York 11021.

7. The Defendant Millenium Group (USA) LLC (hereinafter the "Corporate Guarantor"), is a limited liability company formed under the laws of the State of New York, having an office at 3 Expressway Plaza, Suite 220, Roslyn Heights, New York 11577.

8.  Danny Vaswani (hereinafter the "Personal Guarantor") is an individual residing at 18 Wellington Road, Greenvale, New York 11548.

## FACTS:

9. The Bank repeats and re-alleges each and every allegation contained in Paragraphs "1" through "8".

10. On or about September 24, 2007, the Bank extended certain credit facilities to the Borrower in the aggregate amount of Three Million Six Hundred and Fifty Five Thousand Dollars ($3,655,000.00) (the "Credit Facilities").

11. The Credit Facilities are evidenced in part by a demand promissory note, dated September 24, 2007, in the principal amount of Six Hundred Thousand Dollars ($600,000.00). A copy of the Demand Promissory Note is annexed hereto as Exhibit "A".

12. The Credit Facilities are evidenced in part by a term note, dated September 24, 2007, in the principal amount of Three Million Fifty Five Thousand Dollars ($3,055,000.00) (hereinafter the "Term Note"). A copy of the Term Note is annexed hereto as Exhibit "B".

13. The Borrower's indebtedness to the Bank is guaranteed by an unlimited guaranty agreement executed by the Corporate Guarantor, dated September 24, 2007 (hereinafter the "Corporate Guaranty"), and an unlimited personal guaranty agreement executed by the Personal Guarantor, dated September 24, 2007 (collectively, the "Guarantees"). Copies of the Guarantees are annexed hereto as Exhibit "C".

14. On or about May 31, 2008, the Borrower defaulted and failed to make payment to the Bank in satisfaction of all of its obligations (hereinafter the "Default Date").

15. The principal amount outstanding to the Bank is Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents

($99,856.65), up to and including the Default Date. Interest continues to accumulate from the Default Date at the rate of Bank of India's prime rate plus 4% per annum.

16. The Guarantees provide that the Corporate Guarantor and the Personal Guarantor (collectively the "Guarantors") guarantee to the Bank, as primary obligors, and not merely as sureties, the due, punctual and complete payment and performance of all obligations of the Borrower to the Bank.

17. The Guarantors have failed to pay the Bank the amounts due and owing by the Borrower to the Bank, as is required by their respective guarantees.

## AS AND FOR THE BANK'S FIRST CLAIM FOR RELIEF:

### (Breach of Contract by the Borrower)

18. The Bank repeats and re-alleges each and every allegation contained in paragraphs "1" through "17".

19. Pursuant to the Demand Promissory Note and the Term Note, the Borrower has an immediate and absolute obligation to pay the Bank the amount of Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of Bank of India's prime rate plus 4% per annum, attorneys' fees and other costs of collection.

## AS AND FOR THE BANK'S SECOND CLAIM FOR RELIEF:

### (Breach of Contract by the Corporate Guarantor)

20. The Bank repeats and re-alleges each and every allegation contained in paragraphs "1" through "19".

21.  Pursuant to the Corporate Guaranty, the Corporate Guarantor has an immediate and absolute obligation to pay the Bank Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of Bank of India's prime plus 4% per annum, attorneys' fees and other costs of collection.

## AS AND FOR THE BANK'S THIRD CLAIM FOR RELIEF:

### (Breach of Contract by the Personal Guarantor)

22.  The Bank repeats and re-alleges each and every allegation contained in paragraphs "1" through "21".

23.  Pursuant to the Personal Guaranty, the Personal Guarantor has an immediate and absolute obligation to pay the Bank Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of the Bank of India's prime rate plus 4% per annum, attorneys' fees and other costs of collection.

WHEREFORE, Bank of India prays for judgment as follows:

A.  On the First Claim for Relief against the defendant Millenium Healthcare (Great Neck) LLC in the amount of Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of the Bank of India's prime rate plus 4% per annum, attorneys' fees and other costs of collection.

B. On the Second Claim for Relief against the Defendant Millenium Group (USA) LLC in the amount of Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of the Bank of India's prime rate plus 4% per annum, attorneys' fees and other costs of collection.

C. On the Third Claim for Relief against the Defendant Danny Vaswani in the amount of Three Million Six Hundred Fifty Five Thousand Dollars ($3,655,000.00) plus interest in the amount of Ninety Nine Thousand Eight Hundred Fifty Six Dollars and Sixty Five Cents ($99,856.65), up to and including the Default Date, together with the continuing post-default interest at a rate of the Bank of India's prime rate plus 4% per annum, attorneys' fees and other costs of collection.

D. For such other and further relief as this Honorable Court deems just, proper and equitable in the premises.

Dated: New York, New York
    July 7, 2008

                                          SABHARWAL & ASSOCIATES

                                          By: _____
                                               Adam Finkel (AF 1368)
                                               350 Fifth Avenue, Suite 4606
                                               New York, New York 10118
                                               Tel.:    (212) 239-9009
                                               Fax.:    (212) 239-9229

## DEMAND PROMISSORY NOTE

$600,000.00

September 24, 2007
New York, New York

**FOR VALUE RECEIVED**, the undersigned, **MILLENNIUM HEALTHCARE (GREAT NECK) LLC.,** a New York limited liability company (the "Borrower"), unconditionally promises to pay **ON DEMAND** to the order of **BANK OF INDIA** (the "Bank") at its office at 277 Park Avenue, New York New York 10172 U.S.A. the principal amount of Six Hundred Thousand Dollars ($600,000.00), or the unpaid total principal amount of all of the amounts drawn by the Borrower as Overdrafts (as defined in the Agreement) under the credit agreement executed between the Borrower and the Bank dated as of the date hereof (the "Agreement") and to pay interest based on a year of 360 days of actual days elapsed on the unpaid principal amount hereof on the first day of each succeeding month, commencing on the last day of the month next following the date hereof at a rate per annum equal to two percent (2.0%) above the Prime Rate (as defined herein) until such principal amount shall be paid in full. Any amount of principal or interest remaining unpaid on the date when due, whether at maturity, by notice of prepayment, by acceleration or otherwise, shall bear interest at a default rate per annum equal to four percent (4.0%) above the Prime Rate (as defined herein) from the date when due, until paid in full. As used herein, "Prime Rate" means the floating commercial loan rate declared by the Bank from time to time and adopted by the Bank as its "prime rate". The Prime Rate is a base rate for calculating interest on certain loans and is not intended to be and is not necessarily the lowest or most favorable rate charged by the Bank to any borrower or category of borrowers. "Business Day" means any day excluding Saturday, Sunday and any day that is a legal holiday under the laws of the State of New York and any day on which banking institutions located in such state are authorized by law or other governmental action to close. Whenever any payment to be made under this Note shall be stated to be due on a day that is not a Business Day, such payment shall be made on the next succeeding Business Day and any resulting extension of time shall in such case be included in the computation of the payment of interest.

This Note is the Demand Note referred to in and is subject to (i) the Agreement as such may be amended, supplemented or modified from time to time; (ii) the Guaranty of Danny Vaswani and Millennium Group (USA) LLC., both of even date herewith as such may be amended, supplemented or modified from time to time; and (iii) the other Credit Documents (as such term is defined in the Agreement), as may be amended, supplemented or modified from time to time.

Notwithstanding anything in this Note to the contrary, if the Note would at any time otherwise require payment to the Bank of an amount of interest in excess of the maximum amount then permitted by law, such interest payments to the Bank shall be reduced to the extent necessary so as to ensure that the Bank shall not receive in excess of such maximum amount. To the extent that, pursuant to the foregoing sentence, the Bank shall receive interest payments under this Note in an amount less than the amount otherwise provided, such deficit (the "Interest Deficit") will cumulate and will be carried forward until the repayment in full of this Note. Interest otherwise payable to the Bank under this Note for any subsequent period shall be increased by the maximum amount of the Interest Deficit that may be so added without causing the Bank to receive interest in excess of the maximum amount then permitted by the law. The amount of the Interest Deficit relating to this Note



at the time of any complete payment of the outstanding principal amount hereof (other than an option prepayment thereof) shall be canceled and not paid.

Absent manifest error, the Bank's records shall be prima facie evidence of principal and interest owed Bank on account of the amounts due under this Note and the Agreement.

The undersigned promises to pay all reasonable out-of-pocket costs and expenses (including without limitation reasonable counsel fees and expenses), in connection with the enforcement (whether through negotiations, legal proceedings or otherwise) of this Note, whether or not a lawsuit is filed or commenced.

The undersigned and all endorsers or guarantors hereof hereby waive (to the fullest extent allowed by law) all requirements of presentment, demand, notice of nonpayment or dishonor, protest, notice of protest, suit, diligence in collection, and all other conditions precedent in connection with the collection and enforcement of this Note and agree that payments hereunder and thereunder shall, and such collection and enforcement may, be made without such requirements.

All Payments made pursuant to the terms of this Note shall be made free and clear of and without any defense, deduction, withholding, set-off or counterclaim.

This Note shall be governed by, and construed and enforced in accordance with, the internal laws, excluding any laws regarding the conflict of laws, of the State of New York. The Borrower hereby irrevocably consents and submits to the jurisdiction and venue of any court of competent jurisdiction sitting in the City, County and State of New York for adjudication of any dispute concerning this Note and all other documents provided for herein. **TO THE EXTENT PERMITTED BY LAW, THE UNDERSIGNED HEREBY IRREVOCABLY WAIVE ANY RIGHT TO A TRIAL BY JURY, AND ANY OBJECTION, INCLUDING, WITHOUT LIMITATION, ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF FORUM NON CONVENIENS, THAT THEY MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH JURISDICTION.**

All capitalized terms used, and not otherwise defined herein, shall have the meanings given them in the Agreement.

**IN WITNESS WHEREOF**, the undersigned has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place first above written.

**MILLENNIUM HEALTHCARE (GREAT NECK) LLC**


BY:  _____
Name: Danny Vaswani
Title: President & Manager
Tax I.D. No.  20-3422050

2



**TERM NOTE**

$3,055,000.00

September 24, 2007
New York, New York

      **FOR VALUE RECEIVED, MILLENNIUM HEALTHCARE (GREAT NECK) LLP.**, a New York limited liability company ("Borrower"), having an address at 3 Expressway Plaza, Suite 220, Roslyn Heights, New York 11577 promises to pay to **BANK OF INDIA**, New York Branch ("Bank"), or order, at its office at 277 Park Avenue, New York, New York 10172 or at such other place as may be designated in writing by the holder of this Note in lawful money of the United States of America, the principal sum of Three Million and Fifty Five Thousand Dollars ($3,055,000.00) in eighteen (18) quarterly installments as follows: $100,000.00 each on June 30, 2008 and September 30, 2008; $150,000.00 each December 31, 2008, March 31, 2009, June 30, 2009 and September 30, 2009; $155,000.00 on December 31, 2009; $200,000.00 each on March 31, 2010, June 30, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 31, 2011, September 30, 2011, December 31, 2011, March 31, 2012 and June 30, 2012; $100,000.00 on September 30, 2012. In addition, Borrower shall pay interest at the Interest Rate (as defined herein) based on a year of 360 days of total days elapsed on the unpaid principal amount hereof on the first day of each month commencing on the last day of the month following the date hereof and thereafter on the like day of every month until the entire principal with accrued interest has been paid in full. "Interest Rate" is defined as the rate per annum equal to the Prime Rate (as hereinafter defined) plus two percent (2.00%). Any amount of principal or interest remaining unpaid on the date when due, whether at maturity, by notice of prepayment, by acceleration or otherwise, shall bear interest at a default rate per annum equal to four percent (4.00%) above the Prime Rate from the date when due, until paid in full. As used herein, "Prime Rate" means the floating commercial loan rate declared by the Bank from time to time and adopted by the Bank as its "prime rate." The Prime Rate is a base rate for calculating interest on certain loans and is not intended to be and is not necessarily the lowest or most favorable rate charged by the Bank to any borrower or category of borrower.

1



"Business Day" means any day excluding Saturday, Sunday and any day that is a legal holiday under the laws of the State of New York and any day on which banking institutions located in such state are authorized by law or other governmental action to close. Whenever any payment to be made under this Note shall be stated to be due on a day that is not a Business Day, such payment shall be made on the next succeeding Business Day and any resulting extension of time shall in such case be included in the computation of the payment of interest.

This note is the Term Note referred to in (i) the credit agreement of even date herewith between the Bank and the undersigned as such may be amended, supplemented or modified from time to time (the "Agreement"), (ii) the Guaranty of Danny Vaswani and Millennium Group (USA) LLC., both of even date herewith as such may be amended, supplemented or modified from time to time, (iii) the Security Agreement between the Bank and the undersigned of even date as such may be amended, supplemented or modified from time to time; and (iv) any and all other documents executed in connection with the Agreement.

Notwithstanding anything in this Note to the contrary, if the Note would at any time otherwise require payment to the Bank of an amount of interest in excess of the maximum amount then permitted by law, such interest payments to the Bank shall be reduced to the extent necessary so as to ensure that the Bank shall not receive in excess of such maximum amount. To the extent that, pursuant to the foregoing sentence, the Bank shall receive interest payments under this Note in an amount less than the amount otherwise provided, such deficit (the "Interest Deficit") will cumulate and will be carried forward until the repayment in full of this Note. Interest otherwise payable to the Bank under this Note for any subsequent period shall be increased by the maximum amount of the Interest Deficit that may be so added without causing the Bank to receive interest in excess of the maximum amount then permitted by the law. The amount of the Interest Deficit relating to this Note at the time of any complete payment of the outstanding principal amount hereof (other than an option prepayment thereof) shall be cancelled and not paid.

The Agreement, among other things, contains provisions for acceleration of the maturity of this Note upon the happening of certain stated events and also for prepayment on account of the principal of this note prior to the maturity of the Note upon the terms and conditions specified in this Note and the Agreement.

In the event Borrower prepays the Term Loan, it shall pay the Bank the Prepayment Charge. Prepayment Charge means one

2



percent (1%) of the amount of Term Loan during the period of repayment of the Term Loan in accordance with this Note and Section 3. 03 (b) of the Agreement.

Absent manifest error, the Bank's records shall be prima facie evidence of principal and interest owed under the Agreement.

The undersigned promises to pay all reasonable out-of-pocket costs and expenses (including without limitation reasonable counsel fees and expenses), in connection with the enforcement (whether through negotiations, legal proceedings or otherwise) of this Note, whether or not a lawsuit is filed or commenced.

The undersigned and all endorsers or guarantors hereof hereby waive (to the fullest extent allowed by law) all requirements of presentment, demand, notice of nonpayment or dishonor, protest, notice of protest, suit, diligence in collection, and all other conditions precedent in connection with the collection and enforcement of this note and agree that payments hereunder and thereunder shall, and such collection and enforcement may, be made without such requirements.

All Payments made pursuant to the terms of this Note shall be made free and clear of and without any defense, deduction, withholding, set-off or counterclaim.

This note shall be governed by, and construed and enforced in accordance with, the internal laws, excluding any laws regarding the conflict of laws, of the State of New York. The Borrower hereby irrevocably consents and submits to the jurisdiction and venue of any court of competent jurisdiction sitting in the City, County and State of New York for adjudication of any dispute concerning this Note and all other documents provided for herein. **TO THE EXTENT PERMITTED BY LAW, THE UNDERSIGNED HEREBY IRREVOCABLY WAIVE ANY RIGHT TO A TRIAL BY JURY, AND ANY OBJECTION, INCLUDING, WITHOUT LIMITATION, ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF FORUM NON CONVENIENS, THAT THEY MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH JURISDICTION.**

All capitalized terms, not otherwise defined herein, shall have the meaning given them in the Agreement

3



**IN WITNESS WHEREOF**, the undersigned has caused this Note to be executed and delivered by its duly authorized officer as of the day and year and at the place first above written.

BORROWER:

**MILLENNIUM HEALTHCARE (GREAT NECK) LLC**

BY: _____
    Name: Danny Vaswani
    Title: President & Manager
    Tax I.D. No. 20-3422050



## GUARANTY AGREEMENT

This Guaranty Agreement (the "Guaranty") is granted by the undersigned Danny Vaswani (the "Guarantor") to Bank of India, New York Branch (the "Bank").

### WITNESSETH

**1.    Recitals:**

(a) The Bank has entered into a certain credit agreement dated as of the date of this Guaranty (the "Agreement") with Millennium Healthcare (Great Neck) LLC (the "Borrower"), pursuant to which the Bank has agreed, upon the terms and conditions set forth therein to grant certain credit facilities (the "Credit Facilities") to the Borrower.

(b)    The Guarantor is an officer of the Borrower.

(c)    The Guarantor has voluntarily offered this Guaranty since the Bank has determined that the Borrower is not independently credit worthy for the requested Credit Facilities.

(d)    Capitalized terms used and not defined herein shall have the meanings given them in the Agreement.

**2.    Guaranty**

(a)    In consideration of granting Credit Facilities, whether now existing or hereafter made by the Bank to the Borrower, including without limitation the Agreement and the Advances, or any forbearance by the Bank with respect to any thereof, the Guarantor hereby guarantees to the Bank and its successors and assigns, as primary obligor, and not merely as surety, the due, punctual and complete payment and performance, whether at stated maturity, by acceleration or otherwise, of all Obligations of the Borrower to the Bank. The Guarantor further agrees to pay any amounts received by the Bank for payment of any of the Obligations which are repaid by the Bank or recovered from the Bank in any Bankruptcy Case, by court order, under any agreement or otherwise, and this Guaranty shall remain in full force and effect for such amounts to the same extent as if the Bank had never received such amounts.

(b)    This Guaranty is a guarantee of payment and performance and not of collection. The Bank shall not be required to commence any action or proceeding against any Person or to foreclose any lien securing the payment of the Obligations or to pursue or exhaust any remedies against the Borrower prior to the effectiveness of the Guarantor's obligation to pay the full amount of the Obligations.

(c)    This Guaranty is a continuing guarantee and irrevocable and this Guarantee shall remain in full force and effect and shall be binding in accordance with its terms upon the Guarantor and the Guarantor's estate, heirs, successors, assigns and legal representatives, until the Obligations have been finally paid in full to the bank. Any Obligations originating prior to

the death, release or adjudicated mental incompetency of the Guarantor shall continue to bind the Guarantor's estate, heirs, successors, assigns and legal representatives.

(d)    The Guarantor's liability hereunder is in addition to and independent of any other liabilities which the Guarantor has incurred or assumed, or may hereafter incur or assume, by way of endorsement, separate guarantee agreement, or in any other manner, with respect to all or any part of the Obligations. This Guaranty neither supersedes nor limits any such other liabilities of the Guarantor, and the Bank's rights and remedies under and pursuant to this Guaranty and any such other liabilities are cumulative and may be exercised singly or concurrently.

(e)    The obligations of the Guarantor hereunder shall be absolute and unconditional, shall not be subject to any counterclaim, setoff, deduction, diminution, abatement, recoupment, suspension, deferment, reduction or defense (other than payment in full of the Obligations or full and strict compliance by the Guarantor with his obligations hereunder) based upon any claim that the Guarantor or any other Person may have against the Bank or any other Person.

3.    **Representation and Warranties.**

The Guarantor represents and warrants that:

(a)    Obligations Binding. He has duly executed and delivered this Guaranty. This Guaranty constitutes his legal, valid and binding agreement, enforceable against him in accordance with its respective terms; and

(b)    Accuracy of Information.    All information that is furnished in writing by or on behalf of the Guarantor to the Bank is, as of the date of the information, true, accurate and complete in every material respect, and is prepared in accordance with generally accepted accounting principles consistently applied.

4.    **Waivers.**

The Guarantor waives all rules of surety-ship law, all demands, notices and protests of every kind, and any other law whatsoever which is permitted by law to be waived, and which could, if not waived, impair the Bank's enforcement of this Guaranty or release the Guarantor from any or all liability hereunder without limiting the foregoing:

(a)    The Bank may at any time and from time to time without the consent of or notice of any kind to the Guarantor, and without regard to any demands or requests by the Guarantor, take any or all of the following acts, upon or without any terms or conditions and in whole or in part, without thereby incurring any liability to the Guarantor, impairing the Guarantor's obligations under this Guaranty or releasing the Guarantor from this Guaranty:

(i)    create new Obligations hereafter, change the rate of interest, penalties, manner, place or terms of payment, change or extend the time of payment of the Obligations, or renew, amend, alter, extend or revoke any commitment, condition, covenant, event of default

2

or other provision with respect to any of the Obligations, any security therefor, or any liability incurred directly or indirectly in respect thereof, and this Guaranty shall apply to such Obligations as so changed, extended, renewed, amended or altered;

(ii)     sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order and property of whomsoever at any time pledged, encumbered or mortgaged to secure, or howsoever securing, the Obligations or any liabilities in respect thereof or hereof, and any offset thereagainst;

(iii)     waive, consent, extend, grant indulgence, compromise, release, discharge or exercise or refrain from exercising any right, remedy, power or privilege under or in respect of the: (1) Credit Documents, (2) the Borrower, or (3) any other Person directly or indirectly liable upon the Obligations;

(iv)     settle or compromise any Obligation, any security therefor, or any liability (including without limitation any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Borrower to creditors of the Borrower;

(v)     apply any sums by whomsoever paid or howsoever realized to the Obligations in such other as the Bank may elect, without regard to any rights the Guarantor might otherwise have in respect to the application thereof (including, without limitation, any rights of the Guarantor to the marshalling of any asset, security, guarantee or other source of repayment whatsoever), and regardless of what Obligations or other liability hereunder or portion thereof remains unpaid;

(vi)     omit to collect or enforce any collateral security or other guarantees held by the Bank without regard to any demand or request by the Guarantor; or

(vii)     fail or omit to perfect any security interest in any collateral for the payment of the Obligations.

(b)     This Guaranty shall remain in full force and effect without regard to, and shall not be released, discharged or in any way affected by, any of the following circumstances or condition whatsoever (whether or not the Guarantor shall have any knowledge or notice thereof):

3

(i)     any failure, omission or delay on the part of the Bank or any other Person to conform or comply with any term of the Credit Documents or any other agreement or instrument applicable to any of the parties to the Credit Documents;

(ii)    any bankruptcy, insolvency, reorganization, arrangement, readjustment, composition, liquidation or similar proceeding with respect to the Borrower, the Guarantor, the Bank or any other Person or any of the respective properties or creditors of any of he foregoing, or any action taken by any trustee, receiver, liquidator or custodian of any Person or by any court in any such proceeding; and

(iii)   any limitation on the liability or obligations of the Borrower or any other Person under the Credit Documents or any other Person referred to therein, or any discharge, termination, cancellation, frustration, irregularity, illegality, invalidity or unenforceability, in whole or in part, of the Credit Documents.

(c)     The Guarantor expressly waives any and all right to notice from the Bank, the Borrower cr any other Person of:

(i)     any adverse change in the financial condition of the Borrower or any other Person or of any other fact which might increase the Guarantor's risk;

(ii)    all notices that may be required by statute, rule of law or otherwise, now or hereafter in effect, to preserve intact any rights against any Guarantor, including, without limitation, any demand, presentment and protest, proof of notice of nonpayment under the Credit Documents and notice of default or any failure on the part of the Borrower or any other person, to perform and comply with any covenant, agreement, term or condition of the Credit Documents; and

(iii)   any sale, transfer or other disposition of any right, title or interest in the Credit Documents by the Bank.

(d)     The Guarantor further waives:

(i)     any right to the enforcement, assertion or exercise against the Borrower of any right, power privilege or remedy conferred in the Credit Documents or otherwise;

(ii)    any requirement of diligence on the part of the Bank or any other Person;

4

(iii)        any requirements to exhaust any remedies or to mitigate the damages resulting from any default under the credit Documents; and

(iv)        any other circumstances whatsoever that might otherwise constitute a legal or equitable discharge, release or defense of any guarantor or surety, or that might otherwise limit recourse against the guarantor.

5.    **Full Recourse.**

The obligations of the Guarantor set forth herein constitute the full recourse obligations of the Guarantor enforceable against the Guarantor to the full extent of all the assets and properties of the Guarantor, notwithstanding any provision in any other agreement limiting the liability of the Guarantor or any other Person, or any agreement by and holder of any evidence of the Obligations to look for payment with respect thereto solely to certain property securing such Obligations.

6.    **Subrogation.**

Notwithstanding any payment or payments made or obligation or obligations performed by the Guarantor, or any setoff or application of funds of the Guarantor by reason of this Guaranty or otherwise, the Guarantor shall not be entitled to be subrogated to any rights of the Bank against the Borrower or with respect to any claim, security, guaranty or right of setoff pertaining to the Obligations, all of which are hereby irrevocably waived by the Guarantor.

7.    **Invalidity of Obligation No Defense.**

No invalidity, illegality or unenforceability of all or any part of the Obligations or of any security or guaranty therefor shall affect, impair or be a defense to this Guaranty and this guarantee is a primary obligation of the Guarantor.

8.    **Bankruptcy; Acceleration.**

This Guaranty shall be enforceable as to all Obligations and expenses of collection thereof and hereof, despite the discharge in a Bankruptcy Case of the Borrower, the Guarantor or any other Person, or despite adjustment of such debts, liabilities and obligations in a Bankruptcy Case or pursuant to some other compromise with creditors. If an Event of Default shall at any time have occurred and be continuing, and if such acceleration, or any consequences thereof, provided in any of the Credit Documents shall at such time be prevented by reason of the pendency against the Borrower, the Guarantor or any other Person of a Bankruptcy Case, the Guarantor (a) agrees that, for purposes of this Guaranty and such Guarantor's obligation hereunder, the maturity of such principal amount shall be deemed to have been accelerated, with all attendant consequences as provided in the Credit Documents, as if such acceleration and consequences had been accomplished in accordance with the terms of the Credit Documents, and

5

(b) shall forthwith pay any amounts guaranteed hereunder upon such acceleration and consequences, without further notice or demand.

## 9.    Amounts Recovered from the Bank.

If claim is ever made upon the Bank for repayment or recovery of any amount or amounts received by the Bank in payment or an account of any of the Obligations, and the Bank repays all or part of said amount by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over the Bank or any of the Bank's property, or (b) any settlement or compromise of any such claim effected by the Bank with any such claimant (including the Borrower) then and in such event the Guarantor agrees that any such judgment, decree, order, settlement or compromise shall be binding upon the Guarantor, notwithstanding any termination hereof or the cancellation of any Obligations, and the Guarantor shall be and will remain liable to the Bank hereunder for the amounts so repaid or recovered to the same extent as if such amount had never originally been received by the Bank.

## 10.    Setoff.

Upon the occurrence of an Event of Default, the Bank is hereby authorized at any time and from time to time, without notice the Guarantor (any such notice being expressly waived by the Guarantor), to setoff and apply any and all deposits (general or special, time or demand, provisional or final) at any time held, including any certificates of deposit, and other indebtedness at any time owing by the Bank to or for the credit or the account of the guarantor against any and all of the indebtedness and other Obligations of the Borrower of whether or not the bank shall have made any demand under this Guaranty, the Note or any other Credit Document, and whether or not matured or unmatured, contingent or non-contingent or liquidated or unliquidated. The rights of the Bank under this subsection are in addition to other rights and remedies (including, without limitation, other rights of setoff) which the Bank may have.

## 11.    Applicable Law, Actions and proceedings.

This Guaranty, the other Credit Document to which the Guarantor is a party, all other documents provided for herein or therein and the rights and obligations of the parties thereto shall be governed by and construed and enforced in accordance with the internal laws, excluding any rules regarding the conflict of laws, of the State of New York. Each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of the Guaranty. The Guarantor hereby irrevocably consents and submits to the jurisdiction and venue of any court of competent jurisdiction sitting in the City, County and State of New York for adjudication of any dispute concerning this Guaranty, the other Credit Documents to which they a party and all other documents provided for herein or therein. The Guarantor consents to and to the sufficiency for all purposes of services of process by mail in any such action and to the removal to any such court by the Bank of any action brought by the Guarantor in any court other than one selected by the Bank in its sole discretion as the venue of such action. The Guarantor waives and agrees not to raise any present or future claims it may have that any such court is not a convenient forum.

6

12.    Notices.

Any notice, request, demand or other communication proceed for hereunder shall be in writing and shall be personally delivered or sent by certified or registered united State mail or by facsimile transmission, and shall be deemed to have been given when personally served, or there Business Days after being deposited in the United State mail, with postage prepaid, or received via facsimile. The address of the parties hereto (until notice of a change thereof is served as provided in this Section 12) shall be as follows: (i) if the Guarantor, to the address set forth under the Guarantor's signature at the bottom of this Guaranty; and (ii) if to the Bank:

Bank of India, New York Branch, 277 Park Avenue, New York, New York 10172.

13.    No Waivers of Remedies

No failure or delay on the part of the Bank in the exercise of any power, right, remedy or privilege under this Guaranty shall operate as a waiver thereof; nor shall any single or partial exercise of any such power, right, remedy or privilege preclude any other or further exercise thereof or the exercise of any other right, power, remedy or privilege. All rights and remedies existing under this Guaranty are cumulative to, and not exclusive of, any rights, remedies, favors and privileges provided by law.

14.    Costs of Collection and legal Fees.

The Guarantor shall be liable to the bank and shall pay to the Bank immediately on demand as part of its liability under this Guaranty all costs and expenses of the Bank, including all reasonable fees and disbursements of the Bank's counsel incurred in the collection or enforcement or attempted collection or attempted enforcement of the Bank's rights under this Guaranty Agreement, whether within or apart from any legal action or proceeding.

15.    Entire Agreement; Modifications.

This Guaranty contains the entire agreement between the Bank and the Guarantor with respect to all subject matters contained herein. This Guaranty cannot be amended, modified or changed in any way except by a written instrument executed by Bank and Guarantor.

16.    Amendments and Waivers.

No amendments, modification, termination or waiver of any provision of this Guaranty or any other Credit Documents, or consent to any departure by the Borrower therefrom, shall in any event be effective without the written concurrence of the Bank. Any waiver or consent shall be effective only in the specific instance and for the specific purpose for which it was given. No notice to or demand on the Borrower in any case shall entitle the Borrower to any other or further notice or demand in similar or other circumstances.

7

17.    **Successors and Assigns.**

This Guaranty shall be binding upon the Guarantor, his legal representatives, heirs, transferees. successors and assigns, and shall inure to the benefit of the Bank, its successors, transferees and assigns. The Guarantor may not transfer, assign or delegate any part of this Guaranty without the Bank's prior written consent and any purported transfer, assignment or delegation without such consent shall be null and void.

18.    **Severability.**

In case any provision of the Credit Agreement, the Note or any other Credit Document shall be invalid, illegal or unenforceable in any jurisdiction then, as to such jurisdiction only, such provision shall to the extent of such prohibition or unenforceability be deemed severed from the remainder of such agreement and the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**IN WITNESS WHEREOF**, the Guarantor has executed this Guaranty as of the 24th day of September Two Thousand Seven.

Name: Danny Vaswani
SSN: 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
Address: 18 Wellington Road
          Greenvale, NY 11548

Accepted this 24th day
of September, 2007.

BANK OF INDIA

By: _____
Name: ~~AT Ranganathan~~ Mathusar Vermekao
Title: Vice President

8

## ACKNOWLEDGEMENT

STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK)


        On the 24th day of September in the year 2007 before me, the undersigned a notary public in and for said state, personally appeared Danny Vaswani, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s), in the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.



_____
Signature and office of
individual taking acknowledgment

APPEN P. MENON
Notary Public, State of New York
No. 02ME4941486
Qualified in Nassau County
Commission Expires August 15, 2010

9

## CORPORATE GUARANTY

**WHEREAS, MILLENNIUM HEALTHCARE (GREAT NECK) LLC.,** (hereinafter referred to as "Borrower"), a limited liability company formed under the laws of the State of New York, desires from time to time to obtain credit facility or financial accommodations in an aggregate principal amount not to exceed the principal sum of Three Million Six Hundred and Fifty Five Thousand US Dollars ($3,655,000.00) from **BANK OF INDIA, NEW YORK BRANCH** (hereinafter with its successors and assigns referred to as the 'Bank"); and

**WHEREAS,** the undersigned (hereinafter referred to as the "Corporate Guarantor"), a limited liability company formed under the laws of the State of New York represents that it is affiliated with the Borrower and expects to derive advantage from each and every such accommodation;

(1) **NOW,** for valuable consideration, the receipt whereof by the Corporate Guarantor is hereby acknowledged, and to induce the Bank, at its option, at any time or from time to time, to extend financial accommodation, including without limitation execution of loans, credit or accommodation, with or without security, to or for the account of the Borrower, or in respect of which the Borrower may be liable in any capacity, the Corporate Guarantor hereby unconditionally guarantees to the Bank, irrespective of the validity, regularity or enforceability of any instrument, writing or arrangement relating to the subject of any such financial accommodation (each such instrument, writing or arrangement being hereinafter referred to as, and included in the term, "Credit Arrangement") or of the obligations thereunder and irrespective of any present or future law or order of any government (whether of right or in fact) or of any agency thereof purporting to reduce, amend or otherwise affect any obligation of the Borrower or other obligor or to vary the terms of payment, that the Borrower will promptly perform and observe every agreement and condition in any Credit Arrangement to be performed or observed by the Borrower, that all sums stated to be payable in, or which become payable under, any Credit Arrangement, and all other sums which may be owing by the Borrower to the Bank now or hereafter, will be promptly paid in full when due, whether at maturity or earlier by reason of acceleration or otherwise or, if now due, when payment thereof shall be demanded by the Bank, together with interest and any and all legal and other costs and expenses paid or incurred in connection therewith by the Bank, and, in case of one or more extensions of time of payment or renewals, in whole or in part, of any credit arrangement or obligation, that the same will be

promptly paid or performed when due, according to each such extension or renewal, whether at maturity or earlier by reason of acceleration or otherwise.

(2)  The Corporate Guarantor hereby consents that from time to time without notice to or further consent of the Corporate Guarantor, the performance or observance by the Borrower of any Credit Arrangement or obligation may be waived or the time of performance thereof extended by the Bank, and payment of any obligation hereby guaranteed may be accelerated in accordance with any agreement between the Bank and any party liable with respect thereto, or may be extended, or any Credit Arrangement may be renewed in whole or in part or any collateral may be exchanged, surrendered or otherwise dealt with as the Bank may determine, and any of the acts mentioned in any Credit Arrangement may be done, all without affecting the liability of the Corporate Guarantor hereunder.  The Corporate Guarantor hereby waives presentment of any instrument, demand or payment, protest and notice of nonpayment or protest thereof or of any exchange, sale, surrender or other handling or disposition of collateral.

(3)  As security for its obligations hereunder, the Corporate Guarantor hereby pledges to the Bank and gives it a general lien upon and/or right to set off of the balance of every deposit account now or at any time hereafter existing, of the Corporate Guarantor with the Bank and any other claim of the Corporate Guarantor against the Bank, and any other property, rights and interests, of the Corporate Guarantor, or any evidence thereof, which have been or at any time shall be delivered to or otherwise come in to the possession, custody or control of the Bank or anyone else for the Bank.

(4)  This guaranty shall be a continuing guaranty, and the co-Corporate Guarantor or co-Corporate Guarantors, if any, or any other party liable upon or in respect of any obligation hereby guaranteed may be released without affecting the liability of the Corporate Guarantor, and the Bank may continue to act in reliance hereon until the receipt by the Bank of written notice from the Corporate Guarantor not to give further accommodation in reliance thereon.

(5)  The liability of the Corporate Guarantor under this guaranty shall be direct, unlimited, absolute, continuing and unconditional and not conditional or contingent upon the pursuit by the Bank of whatever remedies it may have against the Borrower or its successors or assigns, or the security of the liens it may possess, including other guarantees.  It is

understood that the Corporate Guarantor shall be primarily liable with respect to its obligations hereunder. The liability of the Corporate Guarantor is unlimited and this guaranty is valid as long as Borrower remains indebted to the Bank pursuant to Credit Arrangement.

(6) The Bank may assign this guaranty or any of its rights and powers hereunder, with all or any of the obligations hereby guaranteed, and may assign and/or deliver to any such assignee any of the security herefor and, in the event of such assignment, the assignee hereof or of such rights and powers and of such security, if any of such security be so assigned and/or delivered, shall have the same rights and remedies as if originally named herein in place of the Bank, and the Bank shall be thereafter fully discharged from all responsibility with respect to any such security so assigned and/or delivered.

(7) Notice of acceptance of this guaranty and of the incurring of any and all of the obligations of the Borrower hereinbefore mentioned is hereby waived. The guaranty and all rights, obligations and liabilities arising hereunder shall be construed according to the laws of the State of New York.

(8) The Corporate Guarantor further agree(s) that, if at any time any part of any payment theretofore applied by the Bank to any of the liabilities created hereby or by the financial accommodations to the Borrower (hereinafter the "Liabilities") is or must be rescinded or returned by the Bank for any reason whatsoever (including, without limitation, the insolvency, bankruptcy or reorganization of the Debtor), such Liabilities shall, for the purpose of this guaranty, to the extent that such payment is or must be rescinded or returned, be deemed to have continued in existence, notwithstanding such application by the Bank, and this guaranty shall continue to be effective or be reinstated, as the case may be, as to such Liabilities, all as though such application by the Bank had not been made.

(9) The Bank may from time to time, whether before or after any discontinuance of this guaranty, at its sole discretion and without notice to the Corporate Guarantor (or any of them), take any or all of the following actions (a) retain or obtain a security interest in any property to secure any of the Liabilities or any obligation hereunder, (b) retain or obtain the primary or secondary obligation of any obligor or obligors, in addition to the Corporate Guarantor, with respect to any of the Liabilities, (c) extend or renew for one or more periods (whether or not longer than the original period), alter or exchange any of the Liabilities, or release or compromise any

obligation of any of the undersigned hereunder or any obligation of any nature of any other obligor with respect to any obligation of any of the Liabilities, (d) release its security interest in, or surrender, release or permit any substitution or exchange for, all or any part of any property securing any of the Liabilities or any obligations hereunder, or extend or renew for one or more periods (whether or not longer than the original period) or release, compromise, alter or exchange any obligation of any nature of any obligor with respect to any such property, and (e) resort to the undersigned (or any of them) for payment of any of the Liabilities, whether or not the Bank shall have resorted to any property securing any of the Liabilities or any obligations hereunder or sell property securing any of the Liabilities or any obligations hereunder or shall have proceeded against any other Corporate Guarantor or any other obligor primarily or secondarily obligated with respect to any of the Liabilities.

(10) The creation or existence from time to time of Liabilities in excess of the amount to which the right of recovery under this guaranty is limited is hereby authorized, without notice to Corporate Guarantor (or any of them), and shall in no way affect or impair the rights of the Bank and the obligation of the Corporate Guarantor under this guaranty.

(11) The Bank may, from time to time, whether before or after any discontinuance of this guaranty, without notice to the Corporate Guarantor (or any of them), assign or transfer any or all of the Liabilities or any interest therein; and notwithstanding any such assignment or transfer or any subsequent assignment or transfer thereof, such Liabilities shall be and remain Liabilities for the purposes of this guaranty, and each and every immediate and successive assignee or transferee of any of the Liabilities or of any interest therein shall, to the extent of the interest of such assignee or transferee in the Liabilities, be entitled to the benefits of this guaranty to the same extent as if such assignee or transferee were the Bank; provided, however, that unless the Bank shall otherwise consent, in writing, the Bank shall have an impaired right, prior and superior to that of any such assignee or transferee, to enforce this guaranty, for the benefit of the Bank, as to those of the Liabilities which the Bank has not assigned or transferred.

(12) No delay on the part of the Bank in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Bank of any right or remedy shall preclude other or further exercise thereof or the exercise

of any other right or remedy; nor shall any modification or waiver of any of the provisions of this guaranty be binding upon the Bank except as expressly set forth in a writing duly signed and delivered on behalf of the Bank. No action of the Bank permitted hereunder shall in any way affect or impair the rights of the Bank and the obligation of the Corporate Guarantor under this guaranty. For the purposes of this guaranty, Liabilities shall include all obligations of the Borrower to the Bank, notwithstanding any right or power of the Borrower or anyone else to assert any claim or defense as to the invalidity or unenforceability of any such obligation of the Corporate Guarantor hereunder.

(13) This guaranty shall be binding upon the Corporate Guarantor, and upon the heirs, legal representatives, successors and assigns of the Corporate Guarantor; or a corporation, all references herein to the Borrower and to the Corporate Guarantor, respectively, shall be deemed to include any successor or successors, whether immediate or remote, to such partnership or corporation. If more than one party shall execute this guaranty, the term "Corporate Guarantor" as used herein shall mean all parties executing this guaranty and each of them and all such parties shall be jointly and severally obligated hereunder.

(14) The undersigned agrees to the personal non-exclusive jurisdiction of the courts of the State of New York, and the United States District Court of the Southern district of New York and legal process may be served upon or delivered to the undersigned by regular mail addressed to the undersigned at the address set forth below the signature.

**SIGNED AND DELIVERED THIS 24th DAY OF SEPTEMBER, TWO THOUSAND AND SEVEN.**

MILLENNIUM GROUP (USA) LLC.

By: _____

Name: Danny Vaswani
Title: President & Manager

ACCEPTED THIS 24TH DAY OF
SEPTEMBER, 2007

BANK OF INDIA

By: _____

Name: Mr. ~~A. Ranganathan~~ Madhukar Vesnekar
Title: Vice President

-5-

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK)

On the 24th day of September, 2007 before me, the undersigned a notary public in and for the said state personally appeared Danny Vaswani personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in capacity as President & Manager of Millennium Group (USA) LLC, and that by his signature, in the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Signature and office of
individual taking
acknowledgment

AFPEN P. MENON
Notary Public, State of New York
No. 02ME4941486
Qualified in Nassau County
Commission Expires August 15, 2010

COMPLAINT

October 10, 2007

# INDIVIDUAL PRACTICES OF JUDGE FRANCIS

Unless otherwise ordered by Judge Francis, matters before Judge Francis shall be conducted in accordance with the following practices. These practices are applicable to matters before Judge Francis if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Francis pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.

## 1. Communications With Chambers

**A. Letters.**  Copies of letters to chambers shall simultaneously be delivered to all counsel. Copies of correspondence between counsel shall not be sent to the court.

**B. Telephone Calls.**  Telephone calls to chambers are permitted. Call chambers at 212-805-0206.

**C. Faxes.**  Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. Except where time is of the essence, try to avoid faxing documents longer than 10 pages . Do not follow with hard copy. The fax number is 212-805-7930.

**D. Docketing, Scheduling, and Calendar Matters.**  For docketing, scheduling and calendar matters, call chambers at 212-805-0206.

**E. Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be in writing and must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required.

**B. Courtesy Copies.**  Courtesy copies of all motion papers, marked as such, should be submitted to chambers.

**C. Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**D. Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

July 24, 2006

# INDIVIDUAL PRACTICES OF JUDGE DENNY CHIN

Unless otherwise ordered by Judge Chin, matters before Judge Chin shall be conducted in accordance with the following procedures:

1.    **Communications with Chambers**

    A.    **Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Letters shall not be filed unless the Court directs otherwise, and in an ECF case letters are not to be electronically filed. Copies of correspondence between counsel shall not be sent to the Court.

    B.    **Telephone Calls.** Except as otherwise provided below, telephone calls to chambers are permitted only in situations requiring immediate attention. In such situations only, call chambers at 212-805-0200.

    C.    **Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than five pages may be faxed without prior permission. Do not follow with hard copy. The fax number is 212-805-7906.

    D.    **Docketing, Scheduling, and Calendar Matters.** Please call David Tam, the Deputy Clerk, at 212-805-0096 between 9 a.m. and 5 p.m.

    E.    **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time shall be by letter and must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency the request shall be made at least 48 hours prior to the scheduled appearance.

2.    **Motions**

    A.    **Pre-Motion Conference in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. A pre-motion conference with the Court is required before

all claims and defenses previously asserted that are not to be tried.

v.      A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi.     A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii.    Any stipulations or agreed statements of fact or law.

viii.   A list of the witnesses each party expects to call on its case in chief, with any objections by any other party.

ix.     A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x.      A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

B.     **Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no date has been fixed:

i.      In jury cases, requests to charge and proposed voir dire questions. Counsel shall call chambers at 212-805-0200 to arrange for proposed jury charges to be emailed to Judge Chin's law clerk.

ii.     In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element.

iii.    In all cases, motions addressing any evidentiary or other issues that should be resolved in limine; and

iv.     In any case where any party believes it would be useful, a pretrial memorandum.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                        :
                        :   CONSENT TO PROCEED BEFORE
            Plaintiff(s),   :   UNITED STATES MAGISTRATE JUDGE
                        :
       - against -        :   _____ Civ. _____ (   ) (   )
                        :
                        :
           Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____
Attorney(s) for Plaintiff(s)
Address
Telephone

_____
Attorney(s) for Defendant(s)
Address
Telephone

_____
Attorney(s) for _____
Address
Telephone

_____
Attorney(s) for _____
Address
Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____
                          U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.

_____
For:  Clerk U.S.D.C. S.D.N.Y.

SDNY Web 4/99

IH- 30

J. MICHAEL McMAHON
CLERK OF COURT

## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV

# Electronic Case Filing Rules & Instructions

### May 28, 2008 Edition

## IMPORTANT INFORMATION FOR NEW CASES

A party filing a new civil case assigned to the Electronic Case Filing (ECF) system must do the following after obtaining a civil case number:

(1) E-mail a pdf copy of the case initiating documents to the Clerk's Office within 24 hours of delivering the paper documents to the Court; and

(2) Serve each party to the action with the initiating documents and a copy of:

(a) SDNY Electronic Case Filing Rules & Instructions (attached); and

(b) The assigned Judge's Individual Practices.

For complete instructions and e-mail addresses see Section 14 - Opening a Civil Action.

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

# Introduction

The United States District Court for the Southern District of New York implemented an Electronic Case Filing (ECF) system in December 2003. Electronic versions of documents filed by attorneys over the Internet have largely replaced paper documents in the Court's files. Almost all new civil and criminal cases filed in this Court after December 2, 2003 are Electronic Case Filing (ECF) cases. Cases filed before December 2, 2003, Pro se cases (unless the pro se litigant is a member of the bar), Social Security cases and habeas corpus cases however are not ECF cases and must be filed on paper. The information in this document applies only to cases assigned to the ECF system.

Electronic Case Filing has several advantages for both the attorney and the Court:

- Twenty-four hour concurrent access to case files from any location over the Internet

- Remote document filing from any Internet connection worldwide

- Secure access to the ECF system via unique user password

- Immediate e-mail notification of case activity to parties and the Court

- Storage of documents in a reliable and secure electronic format

In addition to the Federal Rules of Civil and Criminal Procedure, the following govern Electronic Case Filing in this District (available at www.nysd.uscourts.gov):

- **SDNY Electronic Case Filing Rules & Instructions (this document):**

    **Part I.** Electronic Case Filing Rules (ECF Rules), approved by the Board of Judges of this Court, provide the broad outline of the rules of Electronic Case Filing.

    **Part II.** Electronic Case Filing Instructions (ECF Instructions), written by the Clerk of Court under the authority of the ECF Rules, provide step by step instructions for Electronic Case Filing.

- **The Judge's Individual Practices**

    Each Judge's Individual Practices outline their own specific filing requirements.

The Court is prepared to assist you in filing electronically in several ways:

- The SDNY Electronic Case Filing Rules & Instructions will answer many of your ECF questions.

- Training in Electronic Case Filing (ECF) is available both in person at the courthouse and on-line at www.nysd.uscourts.gov (*See section 24 - ECF Help Desk and Training*).

- ECF Help Desk operators are available by telephone to answer your electronic filing questions (*See section 24 - ECF Help Desk and Training*).

3

## Section 2. Eligibility, Registration, Passwords

**2.1**    Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's ECF system. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the ECF system must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

**2.2**    If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the ECF system solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. The Court may require the party to attend in-person training for Electronic Case Filing as a condition of registering as a Filing User. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

**2.3**    Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

**2.4**    In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (a) each attorney identified on the Civil Cover Sheet, as well as (b) each additional attorney who subsequently appears in the action and files a Notice of Appearance (which must be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

**2.5**    An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

*(See section 22 - ECF Passwords)*.

## Section 3. Consequences of Electronic Filing

**3.1**    Except as otherwise provided in Rule 4 herein, electronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed. R. Civ. P. 58 and 79 and Fed. R. Crim. P. 49 and 55.

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

## Section 6. Sealed Documents

**6.1**    Documents ordered to be placed under seal may not be filed electronically.

**6.2**    A motion to file documents under seal should be filed electronically unless prohibited by law, in redacted form if necessary; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law.

**6.3**    A paper copy of the sealing order must be attached to the outside of the envelope containing the documents under seal and be delivered to the Clerk's Office.

(_See section 18 - Non-Electronic Documents_).

## Section 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

(_See section 13 - ECF Basics_).

## Section 8. Signatures

**8.1**    The user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed.

**8.2**    Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

**8.3**    No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

**8.4**    A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

password. A person who has PACER access may retrieve docket sheets in civil and criminal cases, documents in a civil case assigned to the ECF System, and documents in a criminal case filed after November 1, 2004. Only counsel for the government and for a defendant may retrieve documents in a criminal case filed prior to November 1, 2004. Only a Filing User under Rule 2 herein may file documents.

(*See section 13 - ECF Basics*).

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

**13.4    What is the public website for information about the Court?**

For publicly available information go to www.nysd.uscourts.gov (no password required). From the homepage click on ECF for information on Electronic Case Filing.

**13.5    What are the mailing addresses for the Court?**

United States District Court, 500 Pearl Street, New York, NY 10007; or United States District Court, 300 Quarropas Street, White Plains, NY 10601.

**13.6    Is an electronically filed document filed in accordance with the Federal Rules of Civil Procedure?**

Yes. Local Civil Rule 5.2 provides:

> A paper filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5(e), filed in compliance with the local civil rules of the Southern and Eastern Districts of New York.

*(See section 3 - Consequences of Electronic Case Filing).*

**13.7    Which cases are ECF cases?**

Civil and criminal cases filed after December 2, 2003, are subject to electronic filing. Cases filed before that date, Social Security cases, habeas corpus cases and pro se cases will not be assigned to the ECF system and must be filed on paper.

*(See section 1 - Scope of Electronic Filing).*

**13.8    Which Judges entertain ECF cases?**

All of the Court's District Judges and Magistrate Judges are able to entertain ECF cases.

**13.9    How can I tell if my case is an ECF case?**

The docket sheet will include the letters "ECF" in the upper right corner and an entry titled "CASE DESIGNATED ECF". If you are not sure if you are required to file electronically, call the ECF Help Desk at (212)805-0800.

**13.10    If a case is deemed an ECF case, am I required to file documents electronically?**

Yes. In an ECF case the attorney is responsible for electronically filing documents over the Internet using a secure SDNY log-in and password. With certain exceptions outlined below the Clerk's Office will not accept paper filings in an ECF case.

*(See section 1 - Scope of Electronic Case Filing and section 18 -Non-Electronic Documents).*

11

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

**13.17   How do I view an electronically filed document in an ECF case?**

Click on Query, enter the case number, go to Docket Report, find the document and click on the blue number (hyperlink) next to that entry.  A pdf copy of the complete document will then appear.  If there is no blue hyperlink, then there is no electronic version of that document.  In non-ECF (paper) cases you will not be able to view documents, only document summaries.

**13.18   How will I know if it's appropriate to electronically file my document?**

First, determine if your case is an ECF case - not all cases are ECF cases.  When filing in an ECF case if you can find an ECF Filing Event that directly matches your document then it should be electronically filed.  If you cannot find a matching ECF Filing Event it probably should not be electronically filed.  The ECF Event Dictionary (a PDF document available on our public website at www.nysd.uscourts.gov) is very useful for finding your event and the category in which it is listed.  See the list of non-ECF documents below or call the ECF Help Desk at (212)805-0800.

*(See section 24 - ECF Help Desk and Training).*

**13.19   Must the caption indicate the case is an electronic (ECF) case?**

Yes.  The case number must be followed by the judge's initials in parenthesis, and "ECF CASE" below the case number.  For example:

06 cv 1234 (ABC)

ECF Case

*(See section 8 - Signatures).*

**13.20   How do I sign an electronically filed document?**

The ECF log-in and password of the filing attorney serve as his/her electronic signature.  The filing attorney may place an S/ in place of his/her signature.  The attorney's name and contact information, including e-mail address, must appear below the signature line.  Signatures for all other persons (clients, witnesses etc.) must be scanned in order to capture the actual ink signature.

*(See section 8 - Signatures).*

**13.21   When filing must I choose a name for my document on the ECF Docket Sheet?**

Yes.  When filing electronically you will be asked to name your document by selecting the appropriate ECF Filing Event.  The ECF Filing Event is essentially the title of the document on the docket sheet, such as Motion for Summary Judgment or Affidavit in Support of Motion.

**13.22   How do I find the correct ECF Filing Event for my document?**

ECF Filing Events are listed by category on the ECF system.  Within each category is an alphabetical listing of available ECF Filing Events.  You may use the search function to find your Filing Event.  The ECF Event

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

**13.27   What if I make a mistake in electronic filing?**

Call the ECF Help Desk immediately at (212)805-0800.

(*See section 24 - ECF Help Desk and Training*).

## Section 14. Opening a Civil Action

14.1   Electronically filed (ECF) cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

14.2   In order to alert your adversary(s) to the requirements of Electronic Case Filing and the Judge's Individual Practices you are required to deliver paper copies of the following documents to all parties (available at the courthouse, and www.nysd.uscourts.gov):

- **Electronic Case Filing Rules & Instructions** (this document)

- The <u>Individual Practices</u> of the assigned Judge

14.3   <u>Then within 24 hours of the assignment of a case number,</u> you are required to <u>e-mail</u> to the Clerk's Office (e-mail is not ECF filing) the initiating documents <u>in PDF format only</u> (such as Adobe Acrobat PDF, see section 21). Include a F.R.C.P. Rule 7.1 Statement (if applicable) and all exhibits. The case number followed by the Judge's initials and "ECF CASE" must appear in the case caption. Failure to do so within 24 hours will delay adding your PDF documents to the computerized ECF docket.

Each document must be in a separate PDF file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). The subject line of the e-mail and the name of the PDF file should list the case number followed by a brief document description (ex. "Re: 01cv1234 KMW-complaint").

Send a PDF copy of the initiating documents by e-mail (do not file on the ECF system) to:

- For new civil cases assigned to a Manhattan Judge e-mail to:
  **caseopenings@nysd.uscourts.gov**
  or   **case_openings@nysd.uscourts.gov**

- For new civil cases assigned to a White Plains Judge e-mail to:
  **wpclerk@nysd.uscourts.gov**

14.4   File the Affidavit of Service (or the Acknowledgment of Service, Certificate of Service, Request for Waiver of Service, Summons Returned Executed/Unexecuted, Waiver of Service Executed/Unexecuted) for the initiating document (complaint, notice of removal, etc.) in the following manner:

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

Excerpts must be clearly identified as such. If the exhibit is too large to be scanned and electronically filed call the ECF Help Desk at (212)805-0800.

(*See section 5 - Attachments and Exhibits; see also section 24 - ECF Help Desk and Training*).

## Section 16. Default Judgments

### 16.1    How do I file a Default Judgment?

In one of the three ways outlined below. Consult the Individual Practices of the Judge to determine the appropriate method (at www.nysd.uscourts.gov). If the Judge's Individual Practices contain no specific rules regarding Default Judgments you should follow section 16.4 below.

If you wish to electronically file a Request to Enter Default Judgment before submitting a Default Judgment, you must file an unsigned Clerk's Certificate as an attachment to the Request. Then submit a paper copy of the proposed Clerk's Certificate to the Orders, Appeals & Judgments Clerk. The clerk will sign and return the Clerk's Certificate, and you may then move for a Default Judgment using the appropriate method outlined below.

When necessary, submit paper documents to the Orders, Appeals & Judgements Clerk in Manhattan (212-805-0143) or White Plains (914-390-4000) depending upon where the Judge sits. If sending documents by mail, enclose a return envelope with postage. For mailing addresses *see section 13 - ECF Basics*.

### 16.2    Default Judgment brought by Motion:

(a)    Submit to the Orders, Appeals & Judgment Clerk two paper Clerk's Certificates. The clerk will sign and return both Certificates to the filing party.

(b)    Electronically file the Motion for Default Judgment on the ECF system. The following items should be filed as attachments to the Motion: the signed Clerk's Certificate; and a copy of the Summons and Complaint with proof of service. The following supporting documents should be filed as separate ECF Filing Events: Affidavit in Support; and Statement of Damages (unless requesting an inquest).

(c)    Electronically file an Affidavit of Service for the Motion for Default Judgment.

(d)    Submit a courtesy copy of the Motion to the Judge, including the original signed Clerk's Certificate and a copy of the Affidavit of Service.

### 16.3    Default Judgment brought by Order to Show Cause (OSC):

(a)    Submit to the Orders, Appeals & Judgments Clerk a paper original of the OSC. Include as exhibits to the Affidavit in Support a Clerk's Certificate and a proposed Default Judgment.

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

## Section 18. Non-Electronic Documents

**18.1    In an ECF case are there documents that I should not file electronically?**

Yes, including:

- Letters, see instruction 18.2 below.
- Case initiating documents (complaint, notice of removal, etc.), see section 14;
- All types of complaints (3rd party, Interpleader etc.), see instruction 18.3 below;
- Proposed orders; proposed judgments, stipulations; voluntary notices of dismissal, consents, see instruction 18.4 below;
- Orders to show cause (with or without a temporary restraining order), see instruction 18.6 below;
- Motions for Admission pro hac vice, see instruction 18.7 below;
- Miscellaneous cases, see instruction 18.8 below;
- Sealed documents, see instruction 18.9 below;
- Surety bonds, see instruction 18.10 below;
- Bill of Costs, see instruction 18.11 below;
- Notices of Appeal, see section 17;

**18.2    May letters be filed electronically?**

No.  Letters are submitted in the traditional manner on paper.  An attorney should not file a letter electronically on the ECF system.  The Judge may direct the Clerk to place a letter on the docket if it is deemed appropriate.

**18.3    Are Amended Complaints, Third Party Complaints, Interpleader Complaints, etc. filed electronically?**

No.  All complaints, no matter what type, are filed the same way:

(a)    Deliver the paper original to the appropriate Clerk's Office (Manhattan or White Plains), and

(b)    E-mail a PDF copy of the document within 24 hours, including exhibits and Rule 7.1 Disclosure Statement (if required) to the Clerk's Office.  Send the e-mail to:

- For cases assigned to a Manhattan Judge e-mail to:

   caseopenings@nysd.uscourts.gov

   or    case_openings@nysd.uscourts.gov

- For cases assigned to a White Plains Judge e-mail to:

   wpclerk@nysd.uscourts.gov

### 18.9    Are sealed documents filed electronically?

No.  Sealed documents are filed in the traditional manner, in paper form.  The sealed envelope must contain the paper document and a CD-ROM containing a pdf copy of the document.  A copy of the Judge's sealing order must be attached to the outside of the envelope.

(*See section 6 - Sealed Documents*).

### 18.10    Are surety bonds filed electronically?

No. Surety bonds are filed in the traditional manner, on paper.  Include a copy of the Court's Order regarding the bond.

### 18.11    Is a Bill of Costs filed electronically?

No.  A Bill of Costs should be filed in the traditional manner, in paper form.  See <u>Local Civil Rule 54.1</u> for details.  See also the required Bill of Costs form at www.nysd.uscourts.gov.

## Section 19. Service of Electronically Filed Documents

### 19.1    How is service accomplished for electronically filed documents?

After you register for an ECF password (*see section 22 - ECF Passwords*) you will receive a Notice of Electronic Filing (NEF) by e-mail whenever there is activity in your case, including court orders and filings by your adversary.  That e-mail from the Court constitutes service.  A hyperlink to a PDF image of any electronically filed document will be included (not all activity includes a PDF document).  Print a copy of the document and the NEF for your records.  The Clerk's Office will no longer mail paper copies of electronically filed documents.

(*See section 9 - Service of Documents by Electronic Means; and section 10 - Notice of Court Orders and Judgments*).

### 19.2    Am I required to serve a paper copy of an electronically filed document?

<u>Maybe</u>.  If all parties will receive electronic notification of the filing, then service is complete upon transmission by the Court of the Notice of Electronic Filing email (NEF) and you are not required to serve a paper copy.

If any party will not receive a NEF, you are required to accomplish service on that party in the traditional manner, on paper.  Then you must electronically file an Affidavit of Service (see below).

The Notice of Electronic Filing receipt will inform you who will receive notice of the filing "electronically" (by e-mail from the Court) and who will receive notice "by other means" (traditional service on paper).

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

## Section 20. Attorney Appearances

**20.1    How does an attorney's name appear on the docket sheet?**

The attorney who signs the initiating document will be added to the docket sheet when the Clerk's Office opens the case on the ECF system. The attorney responding to that filing must add his or her own name to the docket sheet the first time he or she appears in the case. When electronically filing the first document, the responding attorney must: (a) click to create an "Association" with the client (i.e. represent the client); (b) click the "Notice" box to receive electronic notice of case activity; and (c) click the "Lead" attorney box if applicable. If the responding attorney is not offered the opportunity to create an "association" with the client on his/her first electronic filing, he/she must electronically file a Notice of Appearance in order to appear on the docket.

**20.2    If the attorney's name is on the docket sheet why doesn't he/she receive e-mail notification of filings?**

It could be because his or her name was added to the docket sheet before the attorney obtained an ECF password. In that case the attorney's name and firm address will appear at the top of the docket sheet, but the e-mail address will be missing. If this is the case the solution is to obtain an ECF password. Or it could be because the attorney filed a Notice of Appearance but failed to check the "Notice" box when creating an association with the client to indicate that he or she would like to receive e-mail notification of activity in the case. In this case, call the ECF Help Desk at (212)805-0800.

*(See section 24 - ECF Help Desk and Training).*

**20.3    How do I electronically file a Notice of Appearance in an ECF case?**

If an attorney joins a case already in progress he or she must electronically file a Notice of Appearance. When electronically filing the Notice of Appearance, the attorney must: (a) click to create an "Association" with the client (i.e. represent the client); (b) click the "Notice" box to receive electronic notice of case activity; and (c) click the "Lead" attorney box if applicable. Please note the ECF system will not allow an attorney to electronically file a Notice of Appearance on behalf of another attorney. The Notice of Appearance and the ECF password must belong to the same attorney.

*(See section 2 - Eligibility, Registration, Passwords).*

**20.4    How do I file a Motion for Admission pro hac vice in an ECF case?**

In the traditional manner, on paper. After the Order of Admission pro hac vice is signed, the attorney must apply for an ECF password. See the Attorney Admissions page at www.nysd.uscourts.gov for details and sample forms.

**20.5    Am I required to notify the Court when my contact information changes?**

Yes. Local Civil Rule 1.3 requires an attorney to notify the court when his/her contact information changes.

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

identification information be redacted from documents filed with the court. You should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case. This applies to both ECF cases and non-ECF (paper) cases. In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed below must file a redacted version in the public file:

- Social Security Numbers:  include only the last four digits of the number.
- Names of Minor Children:  include only the initials of the child.
- Dates of Birth:  include only the year.
- Financial Account #'s:  include only the last four digits of these numbers.
- Home Addresses:  include only the City and State.

## 21.4    Is there other sensitive information that I should consider redacting?

Yes. Caution should be exercised when filing documents that contain the following:

- Personal identifying numbers (PIN #'s), such as a driver's license number
- Medical records, treatment and diagnosis
- Employment history
- Individual financial information
- Proprietary or trade secret information
- Information regarding an individual's cooperation with the government

## 21.5    Am I required to file sensitive information under seal?

No. In addition to the redacted public filing a party may file, but is not required to file, the personal data identifiers listed above by filing under seal.

You may file under seal either: (a) a reference list, or (b) an original, unredacted version of the document.

If you find it necessary to file sensitive information, the Court prefers a reference list to the filing of a complete document. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. The reference list may be amended as of right.

## 21.6    Are sealed documents filed electronically?

No. Sealed documents are filed in the traditional manner, in paper form. The sealed envelope must contain the paper document and a CD-ROM containing a pdf copy of the document. A copy of the Judge's sealing order must be attached to the outside of the envelope.

(See section 6 - Sealed Documents).

## 21.7    Who should maintain custody of original unredacted documents?

Parties are responsible for maintaining possession of original, unredacted documents, and information redacted

SDNY ELECTRONIC CASE FILING RULES & INSTRUCTIONS

**22.5    How do I obtain an ECF password if I am not yet admitted to practice in this Court?**

The application to be fully admitted to the bar of this court includes a request for an ECF password. Go to www.nysd.uscourts.gov and from the homepage click on Attorney Admission. The application to the bar of this Court requires you to: (a) submit your application on-line, and (b) deliver a paper copy of that application and the appropriate fee to the Clerk's Office. Your ECF password will be sent by e-mail after you are sworn-in. If you wish to practice in one case only, you should move for admission Pro Hac Vice (see instructions below).

**22.6    How do I obtain an ECF password if I am admitted to practice pro hac vice?**

An attorney may be admitted to practice in one case by moving for admission pro hac vice. For complete pro hac vice motion instructions go to www.nysd.uscourts.gov, then click on Attorney Admission. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register on-line for an ECF password at www.nysd.uscourts.gov. Enter the date the order was signed and enter XXXXXX for the bar code. Click to submit your application on-line, and wait for your ECF password to arrive by e-mail.

**22.7    Do I need a new ECF password if I change law firms?**

No. Your ECF password will remain the same even if you change your contact information. Local Civil Rule 1.3 requires an attorney to notify the court when his/her contact information changes. For information go to www.nysd.uscourts.gov or call the Attorney Admissions Clerk at (212) 805-0645. Follow the steps below to change your contact information:

(a)    If you have a pending case provide notice to the Court and your adversary(s) by electronically filing a NOTICE OF CHANGE OF ADDRESS in each open case where you remain the attorney of record, or

(b)    If you do not have a pending case mail written notice of the change to: Attorney Admissions Clerk, United States District Court, 500 Pearl Street, NY, NY 10007.

**22.8    How will I know if my ECF password application was submitted successfully on-line?**

When you are ready click the "Submit" button on the bottom of the form. The screen will turn red and you will be asked to review your answers for accuracy. After review click "Proceed". If the screen turns green your application was successfully submitted.

**22.9    How long does it take to obtain an ECF password?**

Your ECF password will be sent to you by e-mail, within 48 hours of your on-line request. Print a copy for your records.

**23.7    Must I file only relevant excerpts of exhibits?**

Yes. You are limited to electronically filing only relevant excerpts of exhibits. Excerpts must be clearly identified as such.

*(See section 5 - Attachments and Exhibits).*

**23.8    What if a technical failure prevents me from filing electronically?**

If a technical failure prevents you from filing electronically, follow the steps below:

(a)    Do not attempt to file paper documents in ECF cases except for emergency filings (eg. Temporary Restraining Order).

(b)    If the problem concerns the Filing User's equipment or Internet Service Provider (ISP), and the Court's ECF system remains in service, the Filing User may use the document scanners at the ECF Help Desk in the Clerk's Office to file electronically. Bring your paper documents and your SDNY ECF password.

(c)    If the Court's ECF system is out of order you should electronically file your document as soon as the system is restored.

(d)    If you missed a filing deadline when the ECF system was out of order, attach a statement to your filing explaining how the interruption in service prevented you from filing in a timely fashion.

*(See section 11 - Technical Failures)*

## Section 24. ECF Help Desk & Training

**24.1    How can I learn how to file electronically?**

The Court offers several options for ECF training. Details are available on the CM/ECF page at www.nysd.uscourts.gov

(a)    In-person training classes are offered weekly for attorneys and support staff (approx. 2 hours).

(b)    Step by step filing instructions can be found on-line in the <u>course materials</u> for our in-person training. From the CM/ECF page click on Training. Then click on Instructor Led Training, and click on the course title.

(c)    "ECF 101" is a short interactive web-based introduction to electronic filing available on-line.